## CRADDOCK v. McAFEE.

### No. 4073.

Court of Civil Appeals of Texas. El Paso.

April 17, 1941.

T. D. Kimbrough, of Midland, for appellant.

Stubbeman, McRae & Sealy, of Midland, for appellee.

PRICE, Chief Justice.

This is an appeal from a judgment of the District Court of Midland County. E. B. McAfee, as plaintiff, recovered against Perry Craddock, as defendant, the sum of $1,200.33. Defendant Craddock has perfected this appeal from the judgment.

The parties will be for convenience here designated as they were in the trial court.

Plaintiff alleged, in substance, that he worked for and performed services for defendant from August 1, 1936, to August 15, 1938; that when plaintiff entered defendant's employment it was agreed he was to receive the sum of $60 per month for the first month; that on or about September 1, 1936, defendant raised plaintiff's wages to $75 per month. As an exhibit to his petition plaintiff attached a schedule showing payments by defendant aggregating the sum of $803.63. The balance at $75 a month was alleged to be due and unpaid. Plaintiff had an alternate averment wherein he sought to recover for the reasonable value of his services from August 1, 1936, to August 15, 1938, crediting thereon the sum of $803.63.

Defendant's answer consisted of a general exception and general denial.

The trial was before the court and jury, the submission upon special issues, and judgment was rendered on the verdict as before mentioned.

The evidence was, practically without dispute, that plaintiff worked for defendant as a truck driver from August 1, 1936, to August 15, 1938. Both plaintiff and defendant testified that for the first month, beginning August 1, 1936, plaintiff was to receive $60 per month. Plaintiff testified that on or about September 2, 1936, defendant notified him his wages were raised from $60 to $75 per month. Defendant denied this, and further testified that sometime during the course of the employment he informed plaintiff that he was not to receive $75 per month. Plaintiff denied this.

■ Defendant offered testimony as to more payments to plaintiff than pleaded and admitted by plaintiff. There was testimony likewise as to a counter-claim for a room furnished by defendant to plaintiff. These matters we deem, in view of defendant's pleading, only a general denial, to be immaterial. If defendant desired to rely on the defense of payment it was incumbent upon him to specially plead same.

So, likewise, as to the counter-claim for lodging for plaintiff.

Special issues numbers one and two and the findings thereon were as follows:

"Special Issue No. 1: Do you find from a preponderance of the evidence that the plaintiff, E. B. McAfee, and defendant, Perry Craddock, entered an agreement fixing the rate of wages which plaintiff was to receive for his services from September 1st, 1936 until the time that plaintiff's employment terminated? Answer 'Yes' or 'No.' Answer: Yes.

"Special Issue No. 2: If you have answered Special Issue No. 1 in the affirmative, then you will answer the following Special Issue, but not otherwise.

"What, from a preponderance of the evidence do you find to be the amount per month, if any, which the defendant, Perry Craddock, promised to pay to the plaintiff, E. B. McAfee, for his services from September 1st, 1936 to the time his employment terminated? Answer in dollars and cents. Answer: $75.00."

■ The form of special issue No. 1 was excepted to by defendant, substantially as follows: (a) No pleading or evidence to base same upon as worded and framed; (b) no testimony that the wage rate could not be changed; that as worded and framed the court assumed and finds that the same rate of wages was in effect from September, 1936, to the termination of the employment; that there was a conflict in the evidence on this point.

The exceptions to issue No. 2 were practically the same as to No. 1.

In our opinion, there is no merit in the exceptions taken to the issues, and likewise as to the assignment based thereon. There inheres in the issue no assumption that a contract was made; no assumption that if a contract was made as to its terms. Had the jury credited the testimony of defendant they could have logically answered special issue No. 1 in the negative. Evidently not crediting such testimony, they answered same "yes."

Defendant, no doubt, under a general denial would have been entitled to a special defensive issue along the line of his testimony. No such request was made of the trial court.

The two issues submitted at least in substance were issues raised by the pleadings and the evidence.

938

The authorities cited by defendant in his brief sustain the proposition that it is error for the court to assume disputed facts in an issue. However, they have no application here, for special issues Nos. 1 and 2 do not contain such unwarranted assumption of fact.

This case depends on the solution of questions of fact. There was a conflict in the testimony. The jury solved the conflict in favor of the plaintiff.

The substance of the issues arising under the pleadings and evidence were submitted by the court.

The judgment of the trial court is affirmed.